**In the Matter of James R. GREEN, Respondent.**

**No. 41S00-0802-DI-85.**

Supreme Court of Indiana.

Oct. 10, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11). the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on November IS, 2003, Respondent pled guilty to operating a vehicle with a B.A.C. of 0.15% or higher, a Class A misdemeanor. Base on an incident on January 12, 2007, Respondent pled guilty to Operating a Vehicle While Intoxicated ("OWI") with a prior OWI conviction, a class D Felony. Pursuant to an alternative sentencing statute, the trial court entered a judgment of conviction as a Class A misdemeanor.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b). which prohibits committing a criminal act that reflects adversely an honesty. trustworthiness, or fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is a 90–day suspension, all conditionally stayed subject to successful completion of a 2–year probation. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, all stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall enter into a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP").

(2) Respondent shall not violate his JLAP agreement any law. or the Rules of Professional Conduct during his probation.

(3) If Respondent violates his probation, Respondent's 90–day stayed suspension shall be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justice concur.